# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| NANCY TROUTMAN and WILLIAM JAMISON,<br><br>Plaintiffs,<br><br>v.<br><br>QBE INSURANCE CORPORATION,<br><br>Defendant. | **3:17-CV-00464-MOC-DSC**<br><br>**CONSENT PROTECTIVE ORDER** |

## PROTECTIVE ORDER

The Court, having been advised and upon review of the Motion for Protective Order filed by Defendant, enters the following Protective Order ("Order"):

## 1.0   DEFINITIONS AND BACKGROUND INFORMATION

1.1   As used in this Order, the term:

1.1.1 "Party" or "Parties" shall include Plaintiffs, Nancy Troutman and William Jamison, and Defendant, QBE Insurance Corporation, and each of their employees, agents, representatives, and attorneys (including both outside counsel and inside counsel).

1.1.2 "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental entity.

1.1.3 "Confidential Material" or "Confidential Document" shall mean information, including "Electronically Stored Information," that is not publicly available and contains sensitive personal information, trade secrets, business research, product development information, commercial information, and/or financial information. Confidential Information also includes information that is protected from general disclosure by statute. If an attorney in good faith determines that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, and/or confidential research, development, or commercial information, an attorney may designate those

documents as "Confidential" by stamping the document (or otherwise having the legend recorded upon it in a way that brings its attention to a reasonable examiner) as such.

      1.1.4  "Discovering Party" shall mean the Party who has requested the production of documents designated as Confidential Material under this Order.

      1.1.5  "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Order.

      1.1.6  "ESI" or "Electronically Stored Information", includes any and all electronically stored information - including writings, text, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly, or if necessary, after translation by the responding Party into a reasonably usable form. ESI includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, snap drives, hard disks, floppy disks, CDROMs, removable media such as Zip disks, Jazz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

1.2    <u>Defendant's Trade Secrets and Proprietary Information</u>

Defendant contends the documents requested by Plaintiffs and designated Confidential Material represent and/or reflect trade secrets or other confidential and proprietary research, development, or commercial information. Defendant has a legitimate interest in protecting trade secrets and confidential or proprietary

information and the protections within this Order are adequate, appropriate, and necessary.

1.3     Nature of this Order

The nature of this Order is to protect Defendant's business interests in its own intellectual property, information, and processes. The insurance and underwriting industries are highly competitive markets, and disclosure of Defendant's trade secrets and confidential or proprietary information could cause irreparable and significant harm to Defendant. This Order is intended to prevent this foreseeable harm and any related unforeseeable harm.

1.4     Public Health & Safety Not At Issue

The documents and information at issue do not involve public health and safety, or issues important to the general public.

1.5     Good Faith Discovery Cooperation

It is the purpose of this Order and the desire of the Defendant to make available to Plaintiffs all documents that fall within the legitimate scope of Rule 26 of the Federal Rules of Civil Procedure without waiving any objections to which they are legally entitled, and to minimize discovery motions before the Court.

**2.0   SCOPE OF PROTECTIVE ORDER**

2.1     Purpose of This Order:

It is the purpose of this Order that the Defendant will be provided reasonable assurance that:

    2.1.1  The documents produced by the Defendant will be used in this litigation and/or appeal and this litigation and/or appeal only;

    2.1.2  The documents produced by the Defendant will not be used for commercial purposes;

    2.1.3  The documents produced by the Defendant will not be used for non-litigation purposes.

2.2     Defendant's production under this Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.3 This Order survives the end of the above-styled litigation.

2.4 Good cause exists for the Court to enter this Order.

## 3.0   DOCUMENTS TO BE PRODUCED BY DEFENDANT

3.1 Any documents the Parties produce after the date of entry of this Order may be designated Confidential Material or Confidential Documents if they contain information that is not publicly available, sensitive personal information, trade secrets, business research, product development information, commercial information and/or financial information. Such a designation shall be made by placing a watermark or legend inscribing the word "Confidential" on the face of each page of each document so designated.

3.2 Such Confidential Materials or Confidential Documents in whole or in part or in any form, and the information therein, may be used and disclosed solely for the preparation and trial of this litigation only, including all appeals. Copies of any discovery designated "Confidential" shall only be provided to Parties or persons as identified within this Order.

3.3 The Parties and their counsel shall use reasonable efforts not to disclose the information to any third person or entity whatsoever, except to the following (the following are collectively referred to as "Qualified Person(s)"):

   a. Counsel of record and their associated attorneys in this action on behalf of a Party to this litigation;

   b. Employees or agents of counsel of record including regularly employed support staff, paralegals, and clerical personnel who have a direct responsibility for assisting such counsel in the preparation and trial of this litigation, including appeals;

   c. Outside consultants and experts and their employees or agents retained by retained counsel or any Party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;

   d. Any Court having jurisdiction over this litigation or in which this litigation is pending, including appeals, and court personnel, including stenographic reporters regularly employed by the court;

   e. Stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;

f.  Witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.

Any person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified person" or "non-qualified persons."

**4.0   DEPOSITIONS**

Deposition testimony shall be designated as Confidential Material under the terms of this Order only if counsel for a Party advises the court reporter and opposing counsel such designation at the deposition, or by written designation to all Parties and the court reporter within ten (10) business days after receiving the deposition transcript. The court reporter shall note on the record the designation of Confidential Material and shall separately transcribe those portions of the testimony so designated and shall mark the face of such portion of the transcript as "Confidential Material."  The Parties may use Confidential Material during any deposition provided the witness is apprised of the terms of this Order and executes the acknowledgment attached as **Exhibit "A."**  The Parties may use Confidential Material during a deposition only if the room is first cleared of all non-qualified persons.

**5.0   CONTESTING CONFIDENTIAL DESIGNATION**

5.1   In the event that any Party desires to contest the designation of any documents, information, or testimony as Confidential Material, that Party shall notify the designating Party of such dispute in writing, specifying the documents in dispute. The designating Party shall respond in writing within 7 days of receiving notification to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the Confidential designation. The time for a response shall be extended upon a good faith request by the designating Party.

5.2   If the Parties are unable to amicably resolve the dispute, the Party opposing the Confidential designation may apply by motion to the Court for a ruling that discovery materials stamped as Confidential are not entitled to such status and protection. The designating Party shall have the burden of proof on such motion to establish the propriety of its Confidential designation.

5.3 Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

   a. The Party who claims that the documents are confidential withdraws such designation in writing;

   b. The Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential;

   c. The court rules that the documents should no longer be designated as confidential information;

   d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

5.4 Any papers filed with the Court in these actions which include, attach, or make reference to Confidential Material (or information derived from Confidential Material) shall be considered Confidential Material governed by the terms of this Order, and shall only be filed consistent with the terms and provisions of the Federal Rules of Civil Procedure and any applicable local rules.

## 6.0 VIEWING OF DOCUMENTS BY THIRD PARTIES

6.1 <u>Possession of Documents by Third Parties</u>

The undersigned counsel who become(s) the custodian of the Confidential Material produced by a Party shall not grant possession of the documents to any other person or entity except as expressly authorized by the terms of this Order.

6.2 <u>Viewing of Documents by Third Parties is Permissible</u>

Subject to the terms and conditions of this Order, the undersigned counsel may permit Qualified Persons to possess and to view documents produced under this Order as defined in Section 3.3.

6.3 All Confidential Material produced or provided in the course of this litigation, and the information obtained from examining the same, shall be

used solely for the purposes of the proceedings in this litigation and/or appeal, and not for any other purpose. The Confidential Material shall not be disclosed to anyone, either orally or in writing, except in accordance with the terms of this Order.

6.4 The Parties do not waive, and expressly retain the right to assert in this litigation or other investigation or lawsuit, the application of any common law or statutory privileges or any other objection to which Defendant is entitled to under the Federal Rules of Civil Procedure to limit the production of Confidential Material in whole or in part.

   a. Nothing in this Order shall preclude a Party from seeking and obtaining, on an appropriate showing, additional protection (or relief from protection) with respect to the confidentiality of information or documents produced in this litigation.

   b. Nothing in this Order is to be construed or used as a waiver of any rights or procedural or evidentiary objections or privileges under either the applicable Rules of Civil Procedure or the Rules of Evidence.

   c. This Order is entered into for the purposes of this litigation and/or appeal only, and shall not apply to documents or things produced by any Party in any other litigation.

   d. The Parties, before disclosing any Confidential Material to a Qualified Person, as defined above in Section 3 of this Order, shall provide to the Qualified Person a copy of this Order and each Qualified Person shall execute a copy of the attached **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (Exhibit "A")**. The executed copy of **Exhibit "A"** shall be retained by the attorney who has disclosed the Confidential Material to the Qualified Person.

## 7.0 NO WAIVER BY INADVERTENT PRODUCTION

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as confidential in accordance with this order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object. Until the material is designated as confidential by the Producing Party, however, the Discovering Party shall be entitled to treat the material as non-

confidential. When the material is designated as Confidential Material, the Discovering Party shall take prompt steps to assure the material is marked as confidential or returned to the Producing Party for confidential designation pursuant to this Order. The Producing Party shall bear the costs of designating and marking the Confidential Material as such.

**8.0   RETURN OF DOCUMENTS AT END OF LITIGATION**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party.  The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules.

The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 7.0.

**9.0   PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION**

The Confidential Material shall not be photographed, photocopied, or reproduced in any manner except in preparation of this litigation and/or appeal.

**10.0   PUBLICATION PROHIBITED**

The Confidential Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, persons may not verbally share the Confidential Material to non-qualified persons.

**11.0   ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED**

All motions or other documents filed with the Court, if any, which reveal any portion of the Confidential Material shall be:

11.1   Filed under "Notice of Confidential Material within Court Filing" with the requirements of the North Carolina Rules of Civil Procedure.

11.2 Considered confidential documents until further order of the Court, if any, or as provided for in the North Carolina Rules of Civil Procedure.

11.3 All proceedings in connection therewith shall be conducted in chambers, if permitted by the Court.

11.4 Any records made of such proceedings, if any, shall also be considered confidential.

11.5 Confidential Materials and the information therein may be offered in evidence at trial or any court hearing. To the extent that the Confidential Materials have not been previously identified as exhibits for the trial or court hearing, the proponent of the evidence shall give at least twenty-four hours' notice to counsel for the Party or other person that designated the discovery materials or information as Confidential. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such discovery materials or information at trial.

## 12.0 NON-WAIVER

This Order is not and shall not be interpreted as a waiver by any Party of any right to claim in this litigation or otherwise that the documents or information are privileged or otherwise undiscoverable or to assert any other objection permitted under the Federal Rules of Civil Procedure.

## 13.0 VIOLATION OF ORDER

Upon an alleged violation of this Order, the Court on its own motion or on the motion of any Party may grant relief as it deems appropriate in law or equity. Should any provision of this Order be subsequently stricken or later deemed invalid, all remaining provisions shall remain in full force and effect.

## 14.0 CLIENT CONSULTATION

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and/or appeal and, in the course thereof, relying generally on examination of Confidential Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel

shall not make specific disclosure of any item so designated except pursuant to the procedures outlined in this Order.

**SO ORDERED.**

Signed: December 27, 2017

David S. Cayer
United States Magistrate Judge

**CONSENTED TO:**

This 22nd day of   December , 2017.

| WILLSON JONES CARTER & BAXLEY, P.A. | WALL TEMPLETON & HALDRUP, P.A. |
|---|---|
|  /s/ Jeremy S. Foster  <br>Jeremy S. Foster (NCSB #36760)<br>6701 Carmel Road, Suite 475<br>Charlotte, NC 28226<br>Phone:      (704) 936-5097<br>Facsimile:   (704) 544-1719<br>Email: jfoster@wjlaw.net<br>*Attorneys for Plaintiffs* |  /s/ J. Mark Langdon  <br>J. Mark Langdon (NCSB 19359)<br>Robin A. Seelbach   (NCSB 44780)<br>1001 Wade Avenue, Suite 423<br>Raleigh, North Carolina 27605<br>Phone:      (919) 865-9500<br>Facsimile:   (919) 865-9501<br>Email: mark.langdon@walltempleton.com<br>robin.seelbach@walltempleton.com<br>*Attorneys for Defendant QBE Insurance Corp* |

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

      I, _____, have read the Protective Order entered in the case titled *Nancy Troutman and William Jamison v. QBE Insurance Corporation*, File No. 3:17-CV-00464, United States District Court for the Western District of North Carolina, Charlotte Division, and I understand and agree to be bound by the Protective Order. I also understand that, if I violate the provisions of the Protective Order, I may be punished by fine or imprisonment for such violation. I consent to the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division, over me for all matters relating to the enforcement of the Protective Order.

Date:_____      _____
                                                                                       Signature

                                                                    _____
                                                                   Name (Please print)

STATE OF _____
COUNTY OF _____

      Subscribed and sworn to before me this _____ day of _____, 20____, by _____.

      Witness my hand and official seal.

My commission expires:                               _____
                                                                   Notary Public

_____